**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**L.R.,**

    **Plaintiff,**

**v.**                                                      **CASE NO. 4:18cv72-MW/MAF**

**LEON COUNTY SCHOOL
DISTRICT,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before this Court are competing Motions for Summary Judgment. ECF Nos. 51, 52. The parties filed responses to those Motions. ECF Nos. 58, 59. Also, the Court entered an Order directing the parties to file memoranda addressing the issue of whether these cases were rendered moot by virtue of Plaintiff and her child relocating out of state while this case was pending. ECF No. 61. Defendant filed a response. ECF No. 62. Plaintiff did not file a response in this case, but did file a response in a related case pending between this Plaintiff and this Defendant addressing the same issues for a different educational period. See <u>L.R. v. LCSB</u>, Case No.

Case No. 4:18cv72-MW/MAF

4:19CV137-MW-MAF, ECF No. 38. This Report and Recommendation is intended to resolve these pending cross motions for summary judgment.

## I.     Relevant Procedural History

Plaintiff filed a Complaint (ECF No. 1) with a Motion to proceed under a pseudonym (ECF No. 2) on January 31, 2018. The Court granted the Motion to proceed under a pseudonym on March 14, 2018. ECF No. 5. In granting that Motion, the Court directed Plaintiff to amend her complaint to clarify whether L.R. was an attorney and could therefore bring an action on behalf of K (her minor child), retain counsel, or eliminate claims that were brought as the "next friend" of K.

Thereafter, Plaintiff filed a motion for appointment of counsel (ECF No. 7), a Request for Leave to Proceed Pro Se for IDEA Claims, and for Appointment of Counsel (ECF No. 8). The Court denied those motions. ECF No. 10. Plaintiff filed an Amended Complaint (ECF No. 9) which remedied the representational deficiencies and brought the claims only in L.R.'s name. The Court ordered Plaintiff to serve the Amended Complaint within ninety (90) days of the Order. ECF No. 10.

Plaintiff filed a Motion for Leave to Amend (ECF No. 13) and a Second Amended Complaint on May 15, 2018 (ECF No. 14). Leave was granted by Order on May 16, 2018 (ECF No. 15), and service was ordered.

Two of the Defendants (Margot Palazesi and Palazesim LLC) moved to dismiss for Failure to State a Claim. ECF No. 17. Plaintiff filed a Response to that Motion to Dismiss. ECF Nos. 23, 24. A Report and Recommendation was entered on February 14, 2019, recommending: (1) the claims against Palazesi and Palazesim LLC be dismissed from the case in its entirety; and (2) Count II of Plaintiff's Second Amended Complaint under the ADA or § 504 of the Rehabilitation Act be dismissed. ECF No. 19. Objections were filed by Plaintiff (ECF No. 33), but those were overruled and an Order adopting the Report and Recommendation was entered on March 12, 2019 (ECF No. 34). As it stands, the only claim that remains for resolution is Count I of Plaintiff's Second Amended Complaint against the Leon County School District for violation of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, et seq.

This Court entered a Scheduling Order on July 22, 2019, setting a discovery deadline of October 18, 2019, and a dispositive motion deadline

of November 8, 2019. ECF No. 47. The parties filed the competing motions for summary judgment prior to that deadline. ECF Nos. 51, 52.

## II. Legal standards governing a motion for summary judgment

This is not an ordinary civil case subject to the standard rules of summary judgment under Federal Rule of Civil Procedure 56(a) and Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Instead, this is effectively a review of an evidentiary administrative hearing held by a state Administrative Law Judge. As a result, as noted in Loren F. v. Atlanta Indep. Sch. Sys., 349 F.3d 1309, 1313 (11th Cir. 2003),

> "[Ssummary judgment [in IDEA cases] has been deemed appropriate even when facts are in dispute, and is based on a preponderance of the evidence." Beth B. v. Van Clay, 282 F.3d 493, 496 n.2 (7th Cir. 2002). That is why the district court's decision "is perhaps better described as judgment on the record." Id.; see also Slama v. Indep. Sch. Dist. No. 2580, 259 F. Supp. 2d 880, 882 (D. Minn. 2003) (On motion for judgment on the record in an IDEA suit, the district court "may make a decision on the merits, even if there exist, upon the stipulated record, disputed issues of material fact") (citation omitted).
>
> That means that the usual F. R. Civ. P. 56 summary judgment principles do not apply in an IDEA case. This is not surprising because no IDEA jury trial right exists. See Whitehead by & Through Whitehead v. Sch. Bd. for Hillsborough Co., 918 F. Supp. 1515, 1518 (M.D. Fla. 1996) (Because only injunctive relief and equitable damages are allowed under the IDEA, there is no jury trial right for IDEA claimants). The district court often

conducts "a bench trial on a stipulated record." Slama, 259 F. Supp. 2d at 882 (quotes and cite omitted).

While many courts cite to the commonly applied Rule 56 standards without acknowledging these distinctions, see, e.g., M.D. v. Southington Bd. of Educ., 334 F.3d 217, 220-21 (2d Cir. 2003), we find nothing to prevent district judges from factfinding under F. R. Civ. P. 52 in IDEA cases -- even on a record bearing evidence tendered in addition to the IDEA administrative record -- subject to the requirement that they accord "due weight" to administrative findings.

Reimbursement, after all, is "a matter of *equitable* relief, committed to the sound discretion of the district court . . . ." Roland M. v. Concord Sch. Comm., 910 F.2d 983, 999 (1st Cir.1990) (cites omitted; emphasis added), see also Kurz v. Chase Manhattan Bank, 273 F. Supp. 2d 474, 480 n. 1 (S.D.N.Y. 2003) ("If the award of statutory damages is seen as representing equitable relief then it should go without saying that no right to a jury attaches to claims for equitable relief") (quotes, cite and alterations omitted), so no jury-trial right exists on that score. And factfinding is not limited to bench trials involving live witnesses. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574, 84 L. Ed. 2d 518, 105 S. Ct. 1504 (1985) (Absent clear error, a district court's factfinding cannot be overturned even if they "do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts").

Finally, in deferring to the Administrative Law Judge ("ALJ"), the district court must receive and thus review "the records of the [state] administrative proceedings." 20 U.S.C. § 1415(i)(2)(B)(i).

Additionally, merely because the parties have filed competing motions for summary judgment does not necessarily mean a trial is necessary in this action. "Cross motions for summary judgment do not change the standard." Latin Am. Music Co. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church, 499 F.3d 32, 38 (1st Cir. 2007) (quoted in Ernie Haire Ford, Inc. v. Universal Underwriters Ins. Co., 541 F. Supp. 2d 1295, 1297 (M.D. Fla. 2008)). "'Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.'" Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n, 483 F.3d 1025, 1030 (10th Cir. 2007) (quoting Buell Cabinet Co. v. Sudduth, 608 F.2d 431, 433 (10th Cir. 1979)) (quoted in Ernie Haire Ford, 541 F. Supp. 2d at 1297-98)). Thus, each motion for summary judgment has been separately evaluated.

### III. Plaintiff's Claims for Relief in her Second Amended Complaint

Plaintiff seeks the following relief in her unsworn Second Amended Complaint:

(1) Declare the evaluations conducted by the school district for K were deficient under the IDEA.

(2) Order that K be designated as a student qualifying under the IDEA as having a specific learning disability.

(3) Order that all references to autism be removed from K's records.

(4) Declare that LCS denied K a FAPE (free appropriate public education) commencing in the 2014-2015 school year through present.

(5) Order compensatory education and services dating back to the 2014-2015 school year in the amount of $150,000 to be set up in a trust in K's name to remedy the failure to provide FAPE.

(6) Order the school district to utilize proven peer reviewed programs and curriculums targeted to the student's level for written expression and spelling.

(7) Declare that the school district discriminated and retaliated against L.R. during the time leading up to the due process case and since by withholding and/or enabling the presentation of inaccurate records and information.

(8) Declare that the school district retaliated and discriminated against L.R. and continues to do so to avoid properly identifying K as having a specific learning disability.

(9) Declare that the school district discriminated and retaliated against L.R. by denying and interfering with her right to have her concern heard before an impartial arbiter.

(10) Award damages in the amount of $150,000 to make L.R. whole from retaliation, discrimination, and emotional distress caused by the school district.

(11) Order reimbursement for reasonable attorney consulting fees and court costs incurred in connection with the due process proceeding and with this federal court action an amount as determined in the discretion of this Court.

- (12) Order damages for educational, training and evaluation services and time away from work incurred by L.R., while K was not receiving FAPE in the amount of $40,000.

- (13) Order such other and further relief as the Court deems just and proper.

Although the motions for summary judgment submitted by both parties each address the underlying merits of Plaintiff's claim that Defendant violated the IDEA in its treatment of Plaintiff's minor child, this Court need not reach the merits of such issues as Plaintiff is no longer entitled to the relief she seeks in her Second Amended Complaint, the relief she seeks is not appropriate in an IDEA case, or she failed to support her claims for various forms of restitution damages.

## IV. Plaintiff's Claims for Declaratory and Injunctive Relief are Moot

In reviewing the materials submitted in support of and in opposition to the pending cross motions for summary judgment, the Court became aware that Plaintiff and her minor child no longer reside in Florida. ECF No. 61. Accordingly, the Court ordered the parties to submit memoranda which expressed their positions on whether Plaintiff's claims for declaratory and injunctive relief were now moot in light of this relocation. *Id.*

Defendant filed a response (ECF No. 62) which confirmed its position that such claims were in fact mooted by Plaintiff's and her child's relocation.

Case No. 4:18cv72-MW/MAF

Citing to <u>Burke v. Hillsborough Cty Sch. Bd.</u>, 752 F. App'x 713, 716 (11th Cir. 2018), Defendant argues that all declaratory and injunctive relief sought by Plaintiff were mooted when Plaintiff's child moved out of the school district. ECF No. 62 at 4-7.

Plaintiff has similarly acknowledged that such claims are now moot. Although Plaintiff did not file a response in this case, she did file one in a related case pending with this Court involving the same Defendant for similar claims under the IDEA (but covering a different period of time). <u>See</u> <u>L.R. v. LCSD</u>, Case No. 4:19cv137-MW-MAF, ECF No. 38. In that Memorandum, Plaintiff agreed her claims against the Leon County School District for Declaratory and Injunctive Relief were in fact moot, but indicated that she was still seeking "compensatory education for [Leon County School District's] failure to educate K and provide FAPE in writing, math and reading." *Id.* at 4.

Accordingly, as all parties are in agreement, Plaintiff's claims for declaratory and injunctive relief contained in Plaintiff's Second Amended Complaint should be **DENIED AS MOOT**.

## V. Defendant is Entitled to Summary Judgment Against Plaintiff on Her Claims for Compensatory Damages under the IDEA

In her Second Amended Complaint, Plaintiff asserts a wide variety of claims for many forms of damages. Specifically, she seeks: (1) $150,000 to be set up in a trust to remedy the school board's alleged failure to provide FAPE; (2) $150,000 for damages to Plaintiff for retaliation, discrimination and emotional distress caused by the school board; (3) reimbursement for reasonable attorney consulting fees and court costs incurred in connection with the due process proceeding and this federal action; and (4) $40,000 in damages for educational, training and evaluation services, and time away from work incurred by L.R. while K was not receiving FAPE.

During the administrative hearing in this matter, Plaintiff testified that she incurred specific expenses for which she was seeking reimbursement in this case. Those expenses include the following:

1. $956.25 for the cost of an evaluation provided by Dr. Jennifer Bickell. Tr. 990[1], R. 618.[2]

---

[1] References to the transcript of the underlying administrative proceeding will be to "Tr" and the relevant page(s).
[2] References to the administrative record will be to "R." and the relevant page(s).

Case No. 4:18cv72-MW/MAF

2. $2,850 for the cost of the Hallowell training program.  Tr. 990, R. 618.

3. $545 for the cost of travel to the Hallowell training program. Tr. 990; R. 618.

4. $8,579.85 in tutoring costs during the time Plaintiff's minor child missed school in the Fall 2016 and into the Spring 2017. Tr. 989; R. 618.

5. $1,264 for childcare expense during the time Plaintiff's minor child missed school from October 2016 through May 2017. Tr. 989; R. 618.

6. $1,170 for speech and language services in the Fall 2015. Tr. 990; R. 618.

7. $1,235 for travel expenses she alleges she incurred as a result of the school district's failure to provide FAPE in Fall 2017.  Tr. 971, 991; R. 619.

8. $2,056 for lost work opportunities.  R. 619.

9. An unknown amount for reimbursement for court costs and legal consultation fees.  Tr. 971; R. 618-619.

This self-serving testimony is the only evidence that was presented by Plaintiff with respect to amounts she believes she is entitled to recover in this case.  In sum, even if all amounts were awarded (or even awardable for that matter) to Plaintiff, she would be entitled to $18,656.10.  That amount is less than half the amount Plaintiff seeks for "damages for educational, training and evaluation services and time away from work incurred by L.R. while K

Case No. 4:18cv72-MW/MAF

was not receiving FAPE." That does not even include the other $300,000 sought by Plaintiff for Defendant's alleged failure to provide FAPE and/or discrimination and retaliation.

Indeed, in its Motion for Summary Judgment, Defendant argues that even if Plaintiff prevailed in establishing that Defendant violated the IDEA by failing to provide a free appropriate public education for Plaintiff's minor child, Plaintiff would still not be entitled to the damages she seeks in her Second Amended Complaint. ECF No. 51 at 53-55. Defendant contends that any damages awarded under the IDEA must be reasonably related to services the child actually needs, and cannot be punitive. Such damages are intended to place the child in the position the child would have been in but for the violation of the IDEA.

Moreover, any claim for damages must be supported by evidence which demonstrates the value of the program provided to the student, and the cost of such program. According to Defendant, the record does not include any evidence regarding the extent of any compensatory education that was needed, or the amounts that were paid by Plaintiff for alleged "tutoring services." Tr. 990; Tr. 971-73. There is simply no support for the arbitrary $150,000 sought by Plaintiff for such compensatory damages.

Defendant also contends that the IDEA does not provide relief for "time away from work" as sought by Plaintiff, nor does it provide for "consulting" attorney's fees for a party who is unrepresented by counsel in the proceedings at issue, as was the case here. Such claims for relief are not envisioned by the IDEA.

Plaintiff did not address these issues in her Opposition to Defendant's Motion for Summary Judgment, or in her Motion for Summary Judgment. ECF Nos. 52, 59. Moreover, other than the naked assertion that she incurred specific expenses in specific amounts, Plaintiff absolutely failed to provide any evidence to support any of her claims for compensatory damages or attorney's/consultant's fees. The Court scoured the record and simply no record evidence supports her claims other than her general statements regarding items for which she believes she is entitled to reimbursement. Plaintiff's Second Amended Complaint was not sworn. Plaintiff did not submit a copy of any receipt for such services, though she said she would provide such documentation prior to reimbursement, R. 618-19. No credible evidence of any kind supports Plaintiff's claims. Plaintiff's failure to go much beyond the bare assertion in her pleading and provide record evidence to support her claims for compensatory damages is

sufficient reason in and of itself to enter Summary Judgment in Defendant's favor on this issue. *See* Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir 1997) (nonmoving party must go beyond the pleadings and demonstrate by reference to record materials that there is a genuine issue for trial); *see also* Burke, 752 F. App'x at 718 (explaining Plaintiff's failure to offer evidence supporting claim for compensatory damages foreclosed recovery of same). Plaintiff may not simply rely on her pleadings or her naked assertions at hearing that she was owed reimbursement under the circumstances.

Even if Plaintiff satisfied her burden and submitted evidence which established the basis and amount of her claims for compensatory damages, many of the categories of damages she designates are not recoverable under the IDEA. Compensatory awards under the IDEA are intended to place the impacted child in the position he or she would have occupied but for the violation of the Act. Draper v. Atlanta Indep. Sch. Sys., 518 F.3d 1275, 1289 (11th Cir. 2008). Plaintiff's request for $150,000 for damages she allegedly incurred for retaliation, discrimination, and emotional distress is completely arbitrary and has no stated connection to any particular loss suffered by Plaintiff, but rather appears intended to punish Defendant for alleged bad behavior. Such requested damages are not intended to

compensate Plaintiff for services that were denied. Such punitive awards are not sanctioned by the IDEA. <u>Ortega v. Bibb Cnty. Sch. Dist.</u>, 397 F.3d 1321, 1325 (11th Cir. 2005) (explaining IDEA not intended to provide for compensatory or general damages); <u>R.W. v. Georgia Dep't of Educ.</u>, 353 F. App'x 422, 423, n.2 (11th Cir. 2009) (explaining damages for alleged discrimination are not recoverable under the IDEA). There is no right to recover "tort-like" damages under the IDEA.

Likewise, although Plaintiff may have been entitled to attorneys' fees had she prevailed in this action or in the underlying state administrative proceeding, Plaintiff is not represented by counsel in this action, nor was she represented by counsel in the administrative proceeding at the state level. She would not be entitled to attorneys' fees or consulting fees which she did not actually incur. Again, if there were attorney or consultant fees which Plaintiff actually incurred, it was her obligation to present evidence which supported the amount of such claims. She has failed to do so, despite her statement in her proposed Order to the ALJ below (R. 619) that such "receipts" in fact existed and would be provided. Even had she prevailed below or in this action to obtain the relief she sought – which she has not – she could not recover purely hypothetical fees or costs in this case.

Case No. 4:18cv72-MW/MAF

She is also not entitled to recover the cost of childcare.  She is not entitled to recover travel expenses.  She is not entitled to recover amounts for lost earnings (or earning capacity).  She is not entitled to recover the costs of parenting courses attended by her and the child's father.  None of these types of general damages constitute the sort of education expenses recoverable under the IDEA as they do not relate to the types of services Plaintiff's child would have received but for the school district's failure to provide FAPE.

The only damages arguably within the gambit of the protections provided by the IDEA are the expenses associated with tutoring, speech and language services, and Dr. Bickell's evaluation.  As to these expenses, however, the record is clear that Plaintiff incurred such expenses because of her refusal to accept services offered by the school district, not because of a failure by the district to offer such services.

Indeed, the school district offered to pay for an independent educational evaluation (IEE), which would have eliminated the need for any services from Dr. Bickell and a private speech therapist who evaluated Plaintiff, but Plaintiff refused.  R. 719, 725, 1024.  Plaintiff's decision to

forgo an IEE and seek such services unilaterally acted as a waiver of any right she may have otherwise had to reimbursement.

Likewise, the child was kept out of school by the parent during the time when the tutoring expenses were incurred.   R. 730 (parent kept the child out of school); 740 (child not attending school resulted in loss of FAPE); 743 (child not attending school or receiving school-based counseling services); 745 (child did not attend school at parent's option); 775 (child did not attend school at the option of the parent); 1043-46 (Plaintiff kept her child out of school in the Fall 2016).   No tutoring services would have been necessary if Plaintiff had allowed her child to go to school.

A parent cannot frustrate the district's efforts to provide FAPE and then seek reimbursement for costs incurred as a result of the frustration of those efforts.   *See* 20 U.S.C. § 1412(a)(10)(C)(iii)(III) ("The cost of reimbursement … may be reduced or denied … upon a judicial finding of unreasonableness with respect to actions taken by the parents").   By making the unilateral decision to keep her child out of school, refusing the offer of an IEE, and choosing not to utilize offered tutoring or other remedial services, Plaintiff voluntarily incurred the evaluation and tutoring expenses at issue, and cannot be heard to complain when she is denied reimbursement for same.

*See* R.L. v. Miami-Dade County Sch. Bd., 757 F.3d 1173, 1192 (11th Cir. 2014) (explaining no compensatory education is required where deficiencies are the result of parent's actions); C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 69 (3d Cir. 2010) (holding reimbursement properly denied where parent's unilaterally withheld child from public school).  Based on a review of the entire record in this case, Plaintiff's action in refusing services and withholding the child from school were unreasonable and should negate her ability to recover costs which may have otherwise been reimbursable under the IDEA.

Accordingly, because Plaintiff failed to offer credible evidence regarding necessary services supporting her claim for restitution-type damages recoverable under the IDEA, is not entitled to recover compensatory or general damages for Defendant's alleged acts, and is not entitled to recover attorney or consultant fees that she did not actually incur, Defendant is entitled to Summary Judgment on Plaintiff's damages claims.

## Recommendation

It is respectfully **RECOMMENDED** that Defendant Leon County School District's Motion for Summary Judgment, ECF No. 51, be **GRANTED**, and that Plaintiff L.R.'s Motion for Summary Judgment, ECF No. 52, be **DENIED**.

Case No. 4:18cv72-MW/MAF

It is specifically noted this Report and Recommendation did not consider the merits of Plaintiff's claims for Declaratory or Injunctive relief as those claims should be **DENIED AS MOOT**, but Plaintiff's claims for damages and attorney/consultant fees are resolved on their merits, with the recommendation that Judgment be entered in Defendant's favor on such claims.

**IN CHAMBERS** at Tallahassee, Florida, on August 28, 2020.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).